■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES JAMES VALOT, Appellant.—Appeal from a judgment of the County Court of Essex County, rendered July 2, 1975, convicting defendant, upon a plea of guilty, of the crime of criminal possession of stolen property in the second degree. Defendant was arrested on July 7, 1974 for criminal possession of stolen property. Counsel was assigned, and, on August 20, 1974, defendant was released on his own recognizance. In November, the Essex County Grand Jury indicted him in a three-count indictment. Defendant failed to appear for arraignment on December 11, 1974 because of his detention at the Nassau County Jail on unrelated charges. Following disposition of the Nassau County charges he was remanded to the Elmira Correctional Facility. On application of the Essex County District Attorney, he appeared on July 2, 1975 for arraignment and entered a plea of guilty to the first count in the indictment in full satisfaction thereof. He was sentenced to an indeterminate term of imprisonment with a maximum of three years and a minimum of one and one-half years to be served concurrently with the sentence being served at the Elmira Correctional Facility. The sole issue on this appeal is whether defendant was, as he contends, denied his right to a speedy trial. The record reveals that he was sentenced within one year from the date of his arrest; that on December 11, 1974 his codefendants either pleaded guilty or had their cases set down for trial; that there is no evidence that the District Attorney was unprepared to proceed in a similar manner with defendant's case; that he did not request an earlier date for trial; and that he makes no claim that his defense was impaired as a result of the delay. Considering the record in its entirety, we are of the view that defendant was not deprived of his right to a speedy trial (*People v Imbesi,* 38 NY2d 629; *People v Johnson,* 38 NY2d 271; *People v Taranovich,* 37

NY2d 442; *People v London,* 36 AD2d 980). The judgment should be affirmed. Judgment affirmed. Koreman, P. J., Sweeney, Larkin, Herlihy and Reynolds, JJ., concur.